IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| JONATHAN LALEWICZ, | : | |
| Plaintiff, | : | Civil Action No. 4:24-cv-00044-TRM |
| vs. | : | |
| WARNERMEDIA DIRECT, LLC, | : | |
| Defendant. | | |

**DECLARATION OF NAOMI WAIBEL**

I, Naomi Waibel, declare and state as follows:

1. I am over the age of 18 and not a party to this action. I submit this declaration in support of Defendant WarnerMedia Direct, LLC's ("WarnerMedia") Motion to Transfer, Motion to Compel Arbitration, and Opposition to Plaintiff's Motion to Remand. I make this declaration based on my own personal knowledge, and based on review of company documents and business records and consultation with authorized company personnel, and if called upon to do so, could and would testify competently thereto.

2. I am a Senior Vice President of Global Product Management at Warner Bros. Discovery, Inc., the parent company of WarnerMedia, a limited liability company headquartered in New York, New York. I lead global product teams focused on trust, accessibility, privacy, data governance, content compliance, as well as the kids & family experience for direct to consumer streaming services, discovery+ and Max, and before it was changed, HBO Max. I am therefore familiar with the customer-facing email interactions and in-app notifications for HBO

Max, which has since changed to the enhanced streaming platform, Max, including email interactions and in-app notifications relating to HBO Max and Max's Terms of Use.

***The HBO Max and Max Streaming Platforms***

3. HBO Max was distributed in the United States by WarnerMedia between May 27, 2020 and May 23, 2023. HBO Max was a subscription-based video-on-demand streaming platform that offered an array of movies, television series, and specials from brands such as HBO, Warner Bros., and DC, as well as third-party films and television series.

4. Max has been distributed in the United States by WarnerMedia since HBO Max became Max on May 23, 2023. Max is an entirely new and enhanced streaming platform with additional content and features that were not available in HBO Max.

5. During the period in which WarnerMedia distributed HBO Max, customers who subscribed to HBO Max were required to create an account with HBO Max before they were able to activate their subscription and access the HBO Max platform. To create an account, all customers were required to provide their first name, last name, and a valid email address. As part of this process, customers were presented with the HBO Max Terms of Use, which customers were required to accept in order to gain access to HBO Max.

6. During the period in which WarnerMedia distributed HBO Max, the HBO Max Terms of Use allowed the customer that created the HBO Max account to add "Authorized Users" to their account. All versions of the HBO Max Terms of Use required that Authorized Users be limited to members of immediate family or the household of the customer that created the account. Authorized Users did not have the option to provide an email address to WarnerMedia. Thus, WarnerMedia only has an email address for the customer that created the HBO Max account, and cannot determine the identity of Authorized Users or contact Authorized

Users.

7. From the time that WarnerMedia launched Max to the present, new Max customers have been required to create an account with Max before they may activate their Max subscription and access the Max platform. New Max customers, i.e., those that are not legacy HBO Max customers, are required to provide their first name, last name, and a valid email address. As part of this process, customers are presented with the Max Terms of Use, which customers are required to accept in order to gain access to Max. For customers that had HBO Max accounts, their credentials were transferred to the Max platform, but they were required to agree to the Max Terms of Use. The initial log-in process for legacy HBO Max users is discussed below.

8. From the time that WarnerMedia launched Max to the present, the Max Terms of Use have allowed the customer who created the Max account to add "Authorized Users" to their account. The Max Terms of Use requires that Authorized Users be limited to members of the household of the customer that created the account. Authorized Users do not have the option to provide an email address to WarnerMedia. Thus, WarnerMedia only has an email address for the customer that created the Max account, including those that were legacy HBO Max customers that signed into the Max platform through the process described below, and WarnerMedia cannot determine the identity of Authorized Users or contact Authorized Users.

9. All versions of the HBO Max Terms of Use, and the current Max Terms of Use, allowed or allow the customer that created the HBO Max or Max account to add "Authorized Users" to their account. For both HBO Max and Max, Authorized Users are bound by the HBO Max Terms of Use and Max Terms of Use, including the arbitration agreement, by virtue of using the HBO Max or Max platform.

10. On December 20, 2022, WarnerMedia updated the HBO Max Terms of Use, including its arbitration provisions. Starting on December 20, 2022, WarnerMedia provided notice to all current and former customers of HBO Max that WarnerMedia had updated the HBO Max Terms of Use. A true and correct copy of the updated terms is attached hereto as Exhibit 1.

11. Starting on December 20, 2022, using the email account HBOMax@service.hbomax.com, WarnerMedia sent direct emails to the email addresses that all current and former customers provided when creating their accounts with HBO Max, including Plaintiff's email address, jlalewicz5578@gmail.com. The subject line for the email stated, "HBO Max has updated our Terms of Use." The body of the email stated the following, and contained two hyperlinks, shown in blue and underlined text, to the updated Terms of Use:

Updated Terms of Use

> HBO Max has updated our **Terms of Use** ("Terms"). The updates contain important information about your legal rights, including updates to the arbitration clause and other rules and procedures that govern the resolution of disputes between you and HBO Max. The updates won't affect the way you use HBO Max.
>
> These updated terms will apply as of today for new subscribers. For prior and existing subscribers, like you, the terms apply beginning on the date your subscription renews or 30 days from today, whichever comes first. You can review the new updated Terms **here**.
>
> Your continued subscription to and/or access of HBO Max will confirm that you have reviewed and agreed to the updated Terms of Use.
>
> Thank you for being part of HBO Max!

12. A copy of the December 20, 2022, email notifying current and former customers of the updated HBO Terms of Use is below:

HBO max

## Updated Terms of Use

HBO Max has updated our Terms of Use ("Terms"). The updates contain important information about your legal rights, including updates to the arbitration clause and other rules and procedures that govern the resolution of disputes between you and HBO Max. The updates won't affect the way you use HBO Max.

These updated terms will apply as of today for new subscribers. For prior and existing subscribers, like you, the terms apply beginning on the date your subscription renews or 30 days from today, whichever comes first. You can review the new updated Terms here.

Your continued subscription to and/or access of HBO Max will confirm that you have reviewed and agreed to the updated Terms of Use.

Thank you for being part of HBO Max!

Need help? Visit our Help Center.

HBO max

30 Hudson Yards, New York, NY 10001

HBOMax.com | Privacy Policy | Help Center

This email comes from a notification-only address. Replies to this address are sent to an unmonitored mailbox. Please don't reply to this message. If you need help with HBO Max, please visit our Help Center or contact us.

Reference ID: 6224

13. Also starting on December 20, 2022, HBO Max provided in-app pop-up notifications of the updated Terms of Use when a customer first accessed the HBO Max platform on or after that date. The text of the in-app pop-up notification contained a link to the updated Terms of Use and stated the following:

> We've updated our Terms of Use. These updates contain important information about your legal rights, including an updated arbitration clause. By continuing to subscribe to and/or access HBO Max, you agree to be bound by the updated Terms. Read the updated Terms at www.hbomax.com/terms-of-use/en-us.

A customer was not able to access the platform until exiting from, or "closing," the in-app pop-up notification. A copy of the in-app pop-up notification that appeared starting on December 20, 2022, notifying customers that accessed the HBO Max platform of the updated HBO Max Terms of Use is below:




14. As explained above, starting on May 23, 2023, HBO Max was replaced by Max and every customer that tried to access HBO Max was redirected to the new Max platform and was required to enter their account credentials to log in. A copy of the sign-in page for the Max platform that would have appeared at the time a customer logged in to their account, is shown below:




15. After signing in, the customer was presented with a stand-alone screen that contained a hyperlink to the Max Terms of Use, dated May 23, 2023, and required the customer to click "Start Streaming" before accessing the Max platform. A true and correct copy of the Max Terms of Use is attached hereto as Exhibit 2. Further, the page stated, "By selecting 'Start Streaming' you agree to the Max Terms of Use and acknowledge you have read the Privacy Policy." A copy and exemplar of the sign-in page for the Max platform that would have appeared at the time a customer accessed the Max platform, is shown below:




16. Individuals that were customers of HBO Max were still able to log into their account on the Max platform after their HBO Max subscription expired and after being presented with the two screens shown above in paragraphs 14 and 15.

***Plaintiff Jonathan Lalewicz***

17. WarnerMedia's records reflect that Plaintiff Jonathan Lalewicz created his HBO Max account using the email address jlalewicz5578@gmail.com on December 14, 2020. Plaintiff's HBO Max subscription converted to a Max subscription on May 23, 2023. Plaintiff's Max subscription remains active as of May 26, 2024.

18. WarnerMedia's records also reflect that Plaintiff accessed the HBO Max platform and streamed videos after December 20, 2022.

19. WarnerMedia's records also reflect that Plaintiff signed into the Max platform on May 24, 2023, and was presented with the stand-alone screen that contained a hyperlink to the

Max Terms of Use referenced above in paragraph 15, and clicked "Start Streaming" to access the Max platform.

***All Claimants, Including Claimants Other Than Plaintiff***

20. I understand that the law firm Troxel Law LLP ("Troxel") published social media solicitations seeking claimants against WarnerMedia.

21. I understand that the law firms Keller Postman LLC ("Keller"), Davis & Norris LLP, and Troxel served thousands of substantively identical purported notices of dispute on behalf of other purported claimants in addition to Plaintiff. Based on the information provided in these purported notices, WarnerMedia's records reflect that thousands of the purported claimants never had an HBO Max account.

22. I further understand that Plaintiff Lalewicz was added to a claimant list submitted to WarnerMedia by Keller and Davis & Norris LLP in relation to the same VPPA claims asserted in the notices of dispute.

23. I further understand that Keller and Davis & Norris LLP served purported notices of rejection of the changes to the HBO Max arbitration clause on behalf of other purported claimants in addition to Plaintiff. Based on the information provided in these purported opt-outs, WarnerMedia's records reflect that thousands of the individuals on whose behalf these notices were purportedly sent never had an HBO Max account.

24. In addition, I understand that Keller and Davis & Norris LLP attempted to file demands for arbitration in the American Arbitration Association ("AAA") on July 18, 2023, on behalf of 1,030 purported claimants. I also understand that Keller and Davis & Norris LLP provided the AAA with a spreadsheet containing the email addresses for each of those 1,030 individuals.

25. WarnerMedia's records reflect that the email addresses provided for only 798 of those 1,030 individuals are associated with an HBO Max account. As of October 10, 2023, 555 of those 798 individuals have signed into the new Max streaming service and affirmatively agreed to the Max Terms of Use.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 18, 2024, in New York, New York.

Naomi Waibel

Naomi Waibel

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on the following counsel via the Court's CM/ECF notification system on this 18th day of June, 2024:

Garth R Seagroves
Ray Jackson & Lane
111 North Atlantic Street
P.O. Box 1027
Tullahoma, TN 37388

Garth R Segroves
Law Office of Garth Segroves
113 West Moore Street
Tullahoma, TN 37388

*/s/ Britt K. Latham*
Britt K. Latham