UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JONATHAN LALEWICZ,                               :

                 Plaintiff,       :     Civil Action No. 1:24-CV-06173-JMF

     v.
                                           :
WARNERMEDIA DIRECT, LLC,
                                           :
                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT WARNERMEDIA DIRECT, LLC'S
SUPPLEMENTAL MEMORANDUM OF LAW
<u>IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>**

Defendant WarnerMedia Direct, LLC and its undersigned counsel appreciate the Court's consideration of their oral arguments on February 24, 2025, and the opportunity to explain (1) how resolution of an appeal of a small claims court judgment in arbitration is "a creature known to the law" and (2) "what arbitration would entail in those circumstances." (*See* Order, ECF No. 58.)

As discussed at oral argument, the small claims court exception to arbitration in Defendant's Terms[1] is limited. It provides that if a small claims court's decision is removed or appealed to a court of general jurisdiction, arbitration would be required at that point:

> Notwithstanding the foregoing, either party may elect to have claims heard in small claims court seeking only individualized relief, **so long as the action is not removed or appealed to a court of general jurisdiction**.

(December 2022 Terms, ECF No. 49-3, § 5.4(a) (emphasis added), May 2023 Terms, ECF No. 49-4, § 5.4(a) (same); November 2022 Terms, ECF No. 49-2, § 5.4(a) (substantially the same).) That procedure provides an equitable, sensible method of adjudication for appeals from small claims court, because it preserves the parties' right to have a small claims court decision reviewed while

---

[1]     Capitalized terms have the meanings used in Defendant's Opposition, ECF No. 48.

avoiding the possibility that the claim might be pushed into a court of general jurisdiction that lacks the simple and efficient procedures that small claims courts (and arbitrations) provide.

As explained below, numerous courts, including the U.S. Court of Appeals for the Eleventh Circuit, have held that arbitration agreements with a small claims court carveout that requires appeals from small claims court decisions to be heard in arbitration are enforceable. This protocol is certainly "a creature known to the law" and indeed the rules of the arbitral forum applicable here expressly contemplate arbitration of appeals.

1.  **Courts Routinely Enforce Arbitration Agreements Which Provide For Arbitration Of Certain Appeals From Small Claims Court Actions.**

All versions of Defendant's Terms unambiguously provide that once a small claims court decision is appealed to a court of general jurisdiction, the action becomes arbitrable and the dispute must be heard in arbitration.[2] Dispute resolution provisions requiring appeals from small claims court decisions to be heard in arbitration are enforceable and mutually beneficial.

In *Jenkins v. First American Cash Advance of Georgia, LLC*, 400 F.3d 868 (11th Cir. 2005), a consumer sued a bank in state court, and the bank removed the action and sought arbitration pursuant to its arbitration agreement with the consumer. *Id.* at 872-73. The consumer

---

[2]  *See* Opposition, ECF No. 48, at pp. 13-15; Defendant's Reply in Support of Its Motion to Compel Arbitration, ECF No. 51, at pp. 3-4; *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co.*, 773 F.3d 110, 115 (2d Cir. 2014) ("so long as" clause unambiguously "serves as a proviso, introducing a condition that narrows the broader initial proposition"). The Terms' small claims court exception is permissive ("either party **may** elect to have claims heard in small claims court") and differs from arbitration agreements expressly prohibiting removal and appeal. *See, e.g.*, NHL Terms of Use dated March 8, 2024, *available at* https://www.nhl.com/info/terms-of-service (disputes brought in small claims court "may not be removed or appealed to a court of general jurisdiction"); *see also Rabinowitz v. Kelman*, 75 F.4th 73, 84 (2d Cir. 2023) ("Because we determine that the Arbitration Agreement Forum Selection Clause is permissive, we disagree with the district court that the lack of specific references to federal courts in that provision suggests that the parties intended for enforcement of [an arbitration] award to occur exclusively in state courts.").

objected that the agreement was unconscionable and unenforceable, including because it contained a small claims court exception to arbitration that provided "[a]ny appeal of a judgment from a small claims tribunal shall be resolved by binding arbitration." (*See* Exhibit 1 hereto (copy of arbitration provision as filed with lower court).) The Eleventh Circuit disagreed, and rejected the consumer's contention that the provision calling for arbitration of appeals from small claims court was unconscionable:

> We further note the district court did not provide support for its assertion that the small-claims provision favors Defendants because the judgments from small claims courts are appealable to an arbitrator. This aspect of the small-claims provision is equally binding on [plaintiff] Jenkins and Defendants, as both parties are obligated to appeal such judgments to an arbitrator. Moreover, the arbitral forum does not unfairly favor Defendants.

*Id.* at 880.

Similarly, in *Villalobos v. EZCorp, Inc.*, No. 12-cv-852-slc, 2013 WL 3732875 (W.D. Wis. July 15, 2013), the court compelled arbitration pursuant to an agreement providing that "[a]ny appeal of a judgment from [a small claims court] shall be resolved in binding arbitration." *Id*. at *4 (second alteration in original) (citation omitted). The court rejected contentions that the provision was one-sided:

> [T]he appellate forum would be the same for both parties to the agreement, no matter who sues whom in small claims court. In the absence of any evidence beyond plaintiff's say-so, I am not persuaded that the mutual small-claims carve-out confers a benefit only on defendant.

*Id*.

Numerous other courts have also addressed arbitration agreements that require appeals from small claims court to be heard in arbitration, although they did not have occasion to assess that aspect of the provision. *See Farr v. Acima Credit LLC*, No. 20-CV-8619-YGR, 2021 WL 2826709, at *2 (N.D. Cal. July 7, 2021) (agreement providing that "[i]f there is an appeal from small-claims court, or if a Dispute changes so that the small-claims court loses the power to hear

3

it, then the Dispute will only be heard by an Arbiter [*sic*]" was binding on nearly all absent class members, causing court to deny class certification); *Furgason v. McKenzie Check Advance Of Indiana, Inc.*, No. IP 00-121-C H/G, 2001 WL 238129, at *8 & n. 1(S.D. Ind. Jan. 3, 2001) (compelling arbitration pursuant to agreement providing that "[a]ny appeal of a judgment from a small claims tribunal *shall* be resolved de novo by binding arbitration." (citation omitted)).

This Court is familiar with other contexts in which the proper forum for resolving a dispute may change in the course of litigation.[3] This is another such context, and providing for that potential change of forum makes good sense: requiring appeals from small claims court decisions to be heard in arbitration avoids the possibility that the dispute is ultimately addressed in a court of general jurisdiction with none of the efficiencies of small claims courts or arbitrations. For example, an appeal from the Tennessee small claims court—the General Sessions Court—"shall be heard de novo in the circuit court," Tenn. Code Ann. § 27-5-108, which is a court of general jurisdiction. In such a proceeding, "[t]he circuit court does not review the general sessions court's decision" but instead "provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court." *Ken Smith Auto Parts v. Thomas*, 599 S.W.3d 555, 565 (Tenn. 2020) (citation omitted). Requiring an appeal to be heard in arbitration provides consistency for both parties, thereby reducing the costs and time associated with such an appeal.

## 2. NAM'S Appellate Rules Would Govern An Appeal From Small Claims Court.

Plaintiff is bound by the Updated Terms,[4] which require arbitration before NAM pursuant

---

[3] *E.g.*, *Pac. Legwear, Inc. v. Sizemore*, No. 16-CV-2064 (JMF), 2016 WL 2766664, *4 & n.3 (S.D.N.Y. May 11, 2016) (remanding action to state court for lack of diversity jurisdiction, but noting that action might thereafter be removable if non-diverse defendant were dismissed).

[4] *See* Defendant's Motion to Compel, ECF No. 45, at pp. 12-19; Reply, ECF No. 51, at pp. 6-10.

to NAM's rules. (*See* December 2022 Terms, ECF No. 49-3, § 5(c) ("The arbitration will be governed by applicable rules of [NAM] (including the Comprehensive Dispute Resolution Rules and Procedures and/or the Supplemental Rules for Mass Arbitration Filings, as applicable").) NAM's Rules expressly provide for appeal processes in arbitration:

> If the parties mutually agree in writing to provide for an appeal process with respect to the arbitration, such appeal would then be subject to NAM's [Appellate Rules].

(NAM Comprehensive Rules No. 36, attached as Exhibit 2 hereto.)

The NAM Appellate Rules (attached as Exhibit 3 hereto) expressly set forth procedures for appellate arbitration from court decisions, providing among other things that the appellate panel "may apply the same standard of review that an appellate court in the jurisdiction would apply." (*See* Supp. Ex. 3, Rules 1 and 17.A.) These Rules also address numerous other protocols for appellate review in arbitration, including: (i) composition of the record (Rule No. 11); (ii) a streamlined briefing schedule (Rule No. 12); and (iii) the nature of the hearing (*i.e.*, in-person or remote) (Rule No. 15). Appellate review under those rules provides the parties with consistency and expediency.[5]

---

[5] Both the AAA (https://www.adr.org/sites/default/files/AAA-ICDR_Optional_Appellate_Arbitration_Rules.pdf) and JAMS (https://www.jamsadr.com/appeal/) provide optional appellate procedures for an arbitration award, although they do not specify that the rules apply to judicial decisions. Nevertheless, these appellate rules provide the basis for consistent procedures that would govern an appeal in arbitration from a small claims court decision.

Dated: New York, New York       Respectfully submitted,
       March 4, 2025

/s/ *Michael W. McTigue Jr.*
Michael W. McTigue Jr.
Meredith C. Slawe
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Tel: (212) 735-3546
Fax: (212) 735-2000
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Defendant*
*WarnerMedia Direct, LLC*

**CERTIFICATE OF COMPLIANCE**

I, Michael W. McTigue Jr., an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c) and Rule 4.C of Judge Jesse M. Furman's Individual Practices in Civil Cases, that the foregoing Memorandum of Law was prepared using Microsoft Word, contains 1,526 words in accordance with Local Rule 7.1(c), and does not exceed 5 pages as required by Judge Furman's Order at ECF No. 58.

Dated: New York, New York         /s/ *Michael W. McTigue Jr.*
       March 4, 2025                        Michael W. McTigue Jr.