IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN LALEWICZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-CV-06173-JMF |
| | ) |
| WARNERMEDIA DIRECT, LLC, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S REPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING

Though the Court has undoubtedly read the language at issue in this case (found in the myriad agreements WarnerMedia wrote, imposed on its customers, and changed repeatedly not only after the dispute arose but after it compelled the class to arbitration) many times. Though you would not know it from WarnerMedia's supplemental brief, two passages in the contracts must be read together, so Plaintiff will repeat them here yet again. First, each of the contracts contains a statement that the parties "each agree to resolve these disputes through binding arbitration or in small claims court instead of in courts of general jurisdiction." See, e.g., Doc. 24-6 at 31). It is only after this initial declaration that all disputes will be resolved in arbitration or small claims court (making small claims court the exclusive court venue), that the contract goes on to the familiar sentence the court must interpret:

1

> Notwithstanding the foregoing [pertaining to arbitration], either party may bring an action in small claims court seeking only individualized relief, so long as the action remains in that court and is not removed or appealed to a court of general jurisdiction.

Id. at 33.

WarnerMedia insists that "so long as" operates as a "limitation" on the right to bring the case in small claims court. As Plaintiff's counsel expressed at the February 24 hearing, we find the language to be poorly drafted (by WarnerMedia) and somewhat confusing. Nonetheless, after further reflection, the language does appear to be a limitation, but not in the way WarnerMedia reads it. Read together with the requirement that all claims be brought in arbitration or in small claims court, this language should clarify that either party can bring a claim in that court (and only that court, among courts), as long as it seeks only individualized relief and does not attempt to move the claim to a court of general jurisdiction.

What the language at issue really means is that you can bring the claim in small claims court, but you have to leave it there and actually have it heard there. It should be noted that federal court removal is not the only means of "removing" a case from small claims court in many states. For example, a small claims plaintiff may amend his complaint to put more money at issue, causing the case to move to a court of general jurisdiction. It is clear that the contract was not drafted to allow the claim to be heard in a court of general jurisdiction. WarnerMedia attempts to read that into the language at issue by arguing for a convoluted process allowing removal

2

(either to federal court or in some other way) and appeal, but requiring that such a removal or appeal eventually be sent to arbitration. This process is not spelled out anywhere in the contract, and the existence of appellate rules in arbitration or contracts that do spell out such a process does not change the fact that it makes much more sense to simply read this contract as effecting its clear purpose – having the claim heard exclusively in either arbitration or small claims court – by simply barring either party from taking a case out of small claims court once it is filed there.

In its supplemental briefing, WarnerMedia cites to a number of cases in which the contract at issue, unlike the one it drafted in this case, ***explicitly*** calls for an appeal from small claims court to be arbitrated. Though, on a base level, this does answer the court's question of whether such an appeal from a small claims court in arbitration exists in law, a comparison of these provisions with WarnerMedia's poorly-drafted and ambiguous language in this case demonstrates just how strained WarnerMedia's interpretation really is. In <u>Jenkins v. First American Cash Advance of Georgia</u>, 400 F.3d 868 (11th Cir. 2005), this small claims provision applied:

> All parties, including related third parties, shall retain the right to seek adjudication in a small claims tribunal for disputes whin the scope of such tribunal's jurisdiction. Any dispute, which cannot be adjudicated within the jurisdiction of a small claims tribunal <u>shall</u> be resolved by binding arbitration. Any appeal of a judgment from a small claims tribunal <u>shall</u> be resolved by binding arbitration.

Doc. 59-2 at 2 (underlining original). This language makes it entirely clear to customers of the business in that case that they can have a claim adjudicated in small

3

claims court, and that the judgment may be appealed, with the appeal decided in arbitration. The other cases cited by WarnerMedia are equally clear, as can be determined from their own quotes from the cases. In Farr v. Acima Credit, LLC, the applicable language stated that "[i]f there is an appeal from small-claims court, or if a Dispute changes so that the small-claims court loses the power to hear it, then the Dispute will only be heard by an Arbiter." 2021 WL 2826709 at *2 (N.D. Cal. July 7, 2021. Again, this language puts any consumer who reads it on notices of exactly what happens after filing in small claims court – the case goes to judgment there and can be appealed to binding arbitration. The same is true of the language in Furgason v. McKenzie Check Advance of Indiana, providing that "[a]ny appeal of a judgment from a small claims tribunal shall be resolved de novo by binding arbitration." 2001 WL 238129 at *8, n.1 (S.D. Ind. Jan. 3, 2001).

      The contrast between the clarity of these examples and the provision written and relied on by WarnerMedia in this case could not be starker. Instead of explaining to its customers exactly what happens when they file in small claims court, whether the claim may be appealed therefrom, and what happens if it is appealed, WarnerMedia's contract provides a single ambiguous sentence whose most natural reading for most consumers is likely that they can have their case heard in small claims court, but they have to leave it in that court and not amend or appeal it to a court of general jurisdiction. As Plaintiff explained in the hearing, this ambiguity

4

should be construed against the drafter, just as in any other contract, in large part because WarnerMedia is wrong that the forum selection clause, regarding courts, is permissive. Even though the sentence states that either party "may" bring an action in small claims court, this provision does not come until after every other court has been excluded by the language requiring all disputes to be resolved "through binding arbitration or in small claims court instead of in courts of general jurisdiction." This means that the clause is exclusive rather than permissive, because it only allows claims to be brought in a single court forum, small claims court.

Finally, though Plaintiff firmly believes that the case should be remanded under any of the potential terms, he should not be compelled to arbitrate pursuant to the NAM terms for at least two reasons. First, WarnerMedia's insistence that these terms apply continues to ignore section 24(g) of its own original AAA terms, which explicitly provided a right to retain the arbitration terms of the prior contract if changes were made. See Opposition to Motion to Compel, Doc. 47 at 10-11. Second, like courts around the country, this court should not reward WarnerMedia for its forum manipulation by compelling arbitration of a class action under one agreement and arbitral forum, then, contrary to its promises in the prior contract, attempting to implement another that has serious disadvantages for consumers. See, e.g., Heckman v. LiveNation Entertainment, 120 F. 4th 670 (9th Cir. 2024).

Respectfully submitted this 11th day of March, 2025,

/s/     Dargan M. Ware
          Attorney for Plaintiff

Dargan M. Ware
DAVIS & NORRIS, LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
dware@davisnorris.com

## CERTIFICATE OF COMPLIANCE

     I, Dargan M. Ware, an attorney duly admitted pro hac vice to practice before this Court, hereby certify pursuant to Local Rule 7.1(c) and Rule 4.C of the Honorable Jesse M. Furman's Individual Practices in Civil Cases, that the foregoing was prepared using Microsoft Word, contains 1265 words in accordance with Local Rule 7.1(c), and does not exceed 5 pages as required by Judge Furman's Order (Doc. 58).

                                                            /s/    Dargan M. Ware
                                                                  Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record through the CM/ECF system of the United States District Court for the Southern District of New York on March 11, 2025.

/s/   Dargan M. Ware
Attorney for Plaintiff