SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NY 10001-8602

TEL: (212) 735-3000
FAX: (212) 735-2000
WWW.SKADDEN.COM

DIRECT DIAL
(212) 735-3529
DIRECT FAX
(212) 777-3529
EMAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WILMINGTON
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

March 13, 2025

**VIA ECF FILING**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re: Submission of new authority on pending motion to compel arbitration in *Lalewicz v. WarnerMedia Direct, LLC*, No. 1:24-cv-06173-JMF

Dear Judge Furman:

We represent Defendant WarnerMedia Direct, LLC in the above-referenced action. We write to submit the attached recent decision from Judge J. Paul Oetken of this Court in *Pilon v. Discovery Communications*, No. 24-CV-4760 (JPO), 2025 WL 752244 (S.D.N.Y. Mar. 10, 2025) (copy attached hereto as Exhibit 1). This decision is new authority confirming that Plaintiff's contention that "Courts throughout the country have disfavored attempts to change arbitration agreements after a party learned of a dispute" (ECF No. 47 at 11) is meritless. It further confirms that Plaintiff's reliance on the Ninth Circuit's decision in *Heckman v. Live Nation Entertainment, Inc.*, 120 F.4th 670 (9th Cir. 2024) in his recent supplemental brief (*see* ECF No. 60 at 5) is misplaced.

Like this action, *Pilon* arose out of a mass arbitration brought by one of the firms serving as Plaintiff's counsel, Keller Postman LLC. The target there was WarnerMedia's affiliate, Discovery Communications and its streaming platform, discovery+. Plaintiff's counsel filed over 693 demands for arbitration against Discovery with the arbitration provider JAMS pursuant to an outdated discovery+ agreement, but JAMS rejected the filing. Thereafter, Plaintiff's counsel filed a petition to compel arbitration under the outdated agreement. Discovery cross-moved to compel arbitration under its updated arbitration agreement, which is substantively identical to the Updated Terms at issue in this action.

The *Pilon* petitioners argued that retroactive application of the updated arbitration agreement would be unreasonable and rendered the updated agreement unenforceable.

The *Pilon* court rejected the petitioners' argument that it was "unreasonable for [petitioner] to expect a retroactive change to the arbitration procedure based on the [superseded arbitration

agreement],” emphasizing that “even if [petitioner] had no reason to expect retroactive arbitration provisions in light of the [superseded arbitration agreement], he had plenty of reason—according to the law of inquiry notice—to expect new terms in that contract, and if he had read it, he would have found the retroactive provisions.” *Pilon*, 2025 WL 752244, at *6.

The court also distinguished the Ninth Circuit’s *Heckman* decision as “inapposite,” emphasizing that “*Heckman* concerned an unconscionability challenge to mass-filing arbitration provisions under California law, not New York law, and so its explicitly ‘alternative’ holding regarding California’s particular anti-class-action-waiver rule is not relevant here.” *Id*. at *12; (*see* ECF No. 45 at 14 (arguing that New York law applies to the inquiry of whether an agreement to arbitrate was formed).) The court also held that the “mass-filing procedures at issue in *Heckman* . . . are not present” in Discovery’s arbitration agreement. *Pilon*, 2025 WL 752244, at *12. In particular, the court noted that the “bellwether” provision, procedural limitations, and “lopsided appeal and arbitrator-selection right” at issue in *Heckman* were not present in Discovery’s arbitration agreement. *Id*. Those provisions are not present in WarnerMedia’s Updated Terms either.

In short, *Pilon* confirms that the retroactive application provision in the Updated Terms is enforceable and Plaintiff is bound by those Updated Terms. Further, *Pilon* demonstrates that Plaintiff’s citation to the *Heckman* decision is not pertinent here.

Respectfully submitted,

Michael W. McTigue Jr.

cc: All counsel of record (by ECF filing)