DAVIS & NORRIS LLP
ATTORNEYS AT LAW

From: Dargan M. Ware
Davis & Norris, LLP
The Bradshaw House
2154 Highland Ave South
Birmingham, AL 35205

To: Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 1105
New York, New York 10007

Re: Lalewicz v. WarnerMedia Direct, LLC, No. 1:24-CV-06172-JPC

Dear Judge Furman,

Plaintiff writes in response to WarnerMedia's submission of Supplemental Authority in the form of Pilon v. Discovery Communications, LLC. This authority is inapposite for multiple reasons.

Plaintiff's primary argument regarding whether the new terms control which arbitral forum should apply stems from a specific section of the terms in place when WarnerMedia compelled the class action (of which Jonathan Lalewicz was a putative class member) to arbitration. That section stated:

> **Future Changes to Arbitration Provision:** Notwithstanding any provision in this agreement to the contrary, we agree that if we make any future change to this arbitration provision (other than a change to the Notice Address), you may reject any such change by sending us written notice within 30 days of the change to the arbitration Notice Address provided above. By rejecting any future change, you are

> agreeing that you will arbitrate any dispute between us in accordance with the language of this provision.

Doc. 24-4 at 41. Because Jonathan Lalewicz sent the notice required by this provision (Doc. 20-7), he validly exercised his right to retain the prior arbitration terms.

There is no evidence in the Pilon opinion that a similar provision existed in the initial contract in that case. The opinion does not discuss the crux of the issue in this case, which is whether Mr. Pilon had a contractual right to opt to retain the prior arbitration terms.

Furthermore, it appears the defendant in Pilon did not compel a class action to arbitration while one agreement was in place and then change the agreement after it learned that members of the class sought to arbitrate. Instead, the agreement was changed "[o]n the same day that the Pre-Arbitration Notices were delivered to Discovery." 2025 WL 752244 at *2.

Because it does not address these issues, Pilon does not persuasively support WarnerMedia's position. Mr. Lalewicz's choice to retain the previous arbitration terms, as he had the right to do, and the fact that he has never failed or refused to arbitrate, mean that WarnerMedia's motion to compel arbitration must be denied.

/s/ Dargan M. Ware___