SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NY 10001-8602

TEL: (212) 735-3000
FAX: (212) 735-2000
WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WILMINGTON
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3529
DIRECT FAX
(212) 777-3529
EMAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

May 7, 2025

**VIA ECF FILING**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re: Submission of new authority on pending motion to compel arbitration in *Lalewicz v. WarnerMedia Direct, LLC*, No. 1:24-cv-06173-JMF

Dear Judge Furman:

We represent Defendant WarnerMedia Direct, LLC in the above-referenced action. We write to submit the attached decision of the U.S. Court of Appeals for the Second Circuit in *Solomon v. Flipps Media, Inc.*, No. 23-7597, 2025 WL 1256641 (2d Cir. May 1, 2025).

Plaintiff in this action asserts a claim against WarnerMedia under the federal Video Privacy Protection Act ("VPPA") that is premised on a piece of software code called the "Meta Pixel." Meta Platforms, Inc. (formerly known as Facebook, Inc., or "Facebook") provides the Meta Pixel as a tool for tracking website visitor activity. Plaintiff theorized that when he watched videos on WarnerMedia's former HBO Max streaming platform via a web browser, the Meta Pixel on the "hbomax.com" web site provided information to Facebook about which videos he was watching, purportedly in violation of the VPPA.

WarnerMedia noted in its Motion to Compel Arbitration that the VPPA claims asserted by Plaintiff's counsel on behalf of Plaintiff and thousands of other putative claimants are likely frivolous. Any such claim would require an elaborate set of factual preconditions to be viable—*i.e.*, a user would have to have watched videos at hbomax.com using a web browser and to have also logged in to Facebook using the same browser—and Plaintiff's counsel appeared to have performed no investigation as to whether the claimants had met those conditions. (ECF No. 45, at 1 n.3.)

The Second Circuit's new *Solomon* precedent confirms that any such VPPA claims would be frivolous even if those factual preconditions had been met. In *Solomon*, the Second Circuit affirmed the grant of a motion to dismiss a VPPA claim based on allegations substantially identical to Plaintiff's allegations here, holding that the encoded information provided by the Meta Pixel

would not permit an ordinary person to identify a consumer's video-watching habits. 2025 WL 1256641, at *10-11. Accordingly, allegations based on the operation of the Meta Pixel (like Plaintiff's allegations here) could not plausibly plead a violation of the VPPA.

The question presented by the parties' pending motions in this Court is whether Plaintiff's putative VPPA claim should be adjudicated by (1) arbitration before National Arbitration and Mediation or (2) a small claims court. In view of the Second Circuit's decision, however, Plaintiff has no viable VPPA claim and should not be maintaining such a claim in any forum. Accordingly, we have informed Plaintiff's counsel of the *Solomon* decision and requested that Plaintiff withdraw his claim to avoid further burdening the Court.

Respectfully submitted,

Michael W. McTigue Jr.

cc: All counsel of record (by ECF filing)