ATTORNEYS AT LAW
DAVIS & NORRIS LLP

May 12, 2025

From: Dargan M. Ware
Davis & Norris, LLP
The Bradshaw House
2154 Highland Ave South
Birmingham, AL 35205

To: Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1105
New York, New York 10007

Re: Lalewicz v. WarnerMedia Direct, LLC, No. 1:24-CV-06173-JMF

Dear Judge Furman,

Plaintiff writes in response to WarnerMedia's submission of Supplemental Authority in the form of Solomon v. Flipps Media, Inc., No. 23-7597, 2025 WL 1256641 (2d Cir. May 1, 2025). WarnerMedia claims that this authority is somehow submitted "on [its] pending motion to compel arbitration" but admits that the Second Circuit's decision is not germane to the issue before the Court, which concerns not the merits of the case, but where it should be heard.

Contrary to WarnerMedia's apparent belief, the Second Circuit in Solomon did not hold that all information transmitted to Facebook via Pixel is legal under the Video Privacy Protection Act, or that all cases alleging such transmission must be dismissed. Rather, it held that information so transmitted must be evaluated under an ordinary person standard. The Court of Appeals then determined that the information before it in the Solomon case would not allow an ordinary person to identify the information involved.

In this case, where no discovery has yet been had, it is entirely unclear what form the information shared by WarnerMedia takes, and whether any portion of the information resembles that at issue in Solomon. While Solomon prescribes how courts within the Second Circuit should evaluate personally identifiable information under the VPPA, the Court of Appeals did not, of course, rule on the specifics of cases not before it.

As WarnerMedia acknowledges, the merits of this case are not before this Court. Neither party believes or has argued that this or any other federal district court has jurisdiction to rule on the merits. Rather, Plaintiff's position is that this case should be remanded to the General Sessions Court of Coffee County, Tennessee, while WarnerMedia seeks to compel arbitration under the contract it imposed after compelling the underlying class action to arbitration with the AAA, ignoring the provision in the original contract allowing Plaintiff to retain the prior arbitration terms. Thus, the only question before this Court is who should decide the merits of the case, a question to which the Solomon case is entirely irrelevant. As the United States Supreme Court has held, where the parties have committed the dispute to arbitration, even, as here, where that arbitration agreement contains an exception for small claims court, "a court may not resolve the merits of the dispute ***even if the court thinks that a party's claim on the merits is frivolous***." Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63, 70 (2019) (emphasis supplied) (citing AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649-50 (1986)).

Finally, it must be noted that the Second Circuit's decision in Solomon is that of a single Court of Appeals, and the federal circuit courts have not ruled uniformly on the subject, as the Solomon court acknowledged. 2025 WL 1256641 at *6-7 (citing Yershov v. Gannett Satellite Information Network, Inc., 820 F.3d 482, 486 (1st Cir. 2016). As noted above, Plaintiff believes this case should be heard in the state courts of Tennessee, which to the extent they follow federal law, look to the jurisprudence of the Sixth Circuit, not the Second. WarnerMedia points to no cases decided by either a Tennessee state court or the Sixth Circuit applying the standard articulated by the Second Circuit in Solomon. Thus, in a Tennessee court, where no binding precedent controls, it would be no more frivolous for the plaintiff to argue in favor of the First Circuit's standard than it would be for WarnerMedia to argue in favor of the Second's. This is yet another reason that the authority offered by the Defendant is irrelevant to the issues before this Court.

/s/ Dargan M. Ware

Attorney for Plaintiff Jonathan Lalewicz