SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NY 10001-8602

TEL: (212) 735-3000
FAX: (212) 735-2000
WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WILMINGTON
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3529
DIRECT FAX
(212) 777-3529
EMAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

June 30, 2025

**VIA ECF FILING**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re: Submission of new authority on pending motion to compel arbitration in *Lalewicz v. WarnerMedia Direct, LLC*, No. 1:24-cv-06173-JMF

Dear Judge Furman:

We represent Defendant WarnerMedia Direct, LLC in the above-referenced action. We write to submit the attached decision of the U.S. Court of Appeals for the Second Circuit in in *Hughes v. National Football League*, No. 24-2656, 2025 WL 1720295 (2d Cir. June 20, 2025).

As noted in our letter dated May 7, 2025 (ECF No. 65), Plaintiff's VPPA claim is premised on the operation of the Meta Pixel software tool. The Second Circuit's *Solomon* decision affirmed the dismissal of a VPPA claim substantially identical to the claim asserted here, holding that the encoded information provided by the Meta Pixel would not permit an ordinary person to identify a consumer's video-watching habits and did not violate the VPPA. *Hughes* affirmed the dismissal of a similar claim and confirmed that *Solomon* did not leave any daylight for such claims to proceed: "***Solomon* effectively shut the door for Pixel-based VPPA claims**." 2025 WL 1720295, at *2 (emphasis added). The *Hughes* court also rejected the plaintiff's request for leave to amend in light of *Solomon*.

Though the merits of Plaintiff's claim are not before this Court, *Solomon* and *Hughes* confirm that this claim is indeed meritless. Plaintiff's speculation that a Tennessee court might just ignore those well-considered precedents (*see* ECF No. 66 at 2) confirms the improper purpose of Plaintiff's action.

We have informed Plaintiff's counsel of the *Hughes* decision and have again asked that they withdraw these meritless claims to avoid further burden on the Court and further costs for all parties.

Respectfully submitted,

Michael W. McTigue Jr.

cc: All counsel of record (by ECF filing)