ATTORNEYS AT LAW
DAVIS & NORRIS LLP

July 1, 2025

From: Dargan M. Ware
Davis & Norris, LLP
The Bradshaw House
2154 Highland Ave South
Birmingham, AL 35205

To: Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1105
New York, New York, 10007

Re: Lalewicz v. WarnerMedia Direct, LLC, No. 1:24-CV-06173-JMF

Dear Judge Furman,

Plaintiff writes in response to WarnerMedia's decision to once again burden this Court with authority that is both distinguishable and irrelevant to the issues before the Court. As this Court knows, and as WarnerMedia itself acknowledges, the merits of Plaintiff's claims are not before this Court. The only task before this Court is to decide whether to remand the case to the General Sessions Court of Coffee County, Tennessee or compel it to arbitration.

WarnerMedia's assertion that Solomon[1] and Hughes[2] are "substantially identical" to Plaintiff's claims is incorrect. Plaintiff believes that WarnerMedia may have shared video privacy information with other websites in ways that go beyond Meta's Pixel tool. Furthermore, the Pixel is a highly customizable piece of software, and programmers with different companies utilize different aspects of the code. For example, Plaintiff believes WarnerMedia utilized a feature called "Advanced Matching" which provides a user's actual identity, rather than the coded "c_user" or "FID" that was at issue in the Solomon and Hughes cases.

Thus, while the Second Circuit did state in Hughes that the Solomon decision "shut the door" on Pixel-based VPPA claims, it did so in the context of specific pieces of hashed-up code that are reprinted in the opinions, concluding that those particular pieces of shared data did not convey personal information that was identifiable by

[1] Solomon v. Flipps Media, Inc., No. 23-7597, 2025 WL 1256641 (2d Cir. May 1, 2025).
[2] Hughes v. National Football League, No. 24-2656, 2025 WL 1720295 (2d Cir. June 20, 2025)

the ordinary person. The question of whether that information resembles the information shared by WarnerMedia is not before this Court.

In claiming that the Solomon and Hughes cases foreclose Jonathan Lalewicz's claims, WarnerMedia is attempting to apply federal pleading standards to a case filed in a small claims court. These standards simply do not apply in Tennessee's General Sessions Court, and Plaintiff's complaint there is not deficient. Because of WarnerMedia's improvident removal of the case and attempts at forum manipulation, the case has not yet reached the stage at which the court examines what information Defendant actually shared.

Finally, WarnerMedia's assertion that Plaintiff's observation that state courts in Tennessee are not bound by Second Circuit decisions somehow evidences an improper purpose not only betrays a woeful misunderstanding of our federal system, but ignores the Second Circuit's own acknowledgement in Solomon that at least one other Circuit Court of Appeals had adopted a different standard. See 2025 WL 1256641 at *6-7. Since Solomon was decided, at least one court has rejected its approach. Manza v. Pesi, Inc., 2025 WL 1445762 at *5 (W.D. Wis. May 20, 2025) (expressly rejecting Solomon's reasoning in denying motion to dismiss.)

WarnerMedia's assertion of an improper purpose is especially ludicrous in light of the fact that the Sixth Circuit[3] has already called into question whether it would follow Second Circuit jurisprudence on the Video Privacy Protection Act and on this issue specifically. Salazar v. Paramount Global, 133 F.4th 642, 652 (noting that "Respectfully, we disagree" with the Second Circuit's conclusion that "it's the definition of 'personally identifiable information' that limits what can be shared, not the definition of consumer" from Salazar v. NBA, 118 F.4th 533, 549 (2d Cir. 2024). In the same decision, the Sixth Circuit stated that "it's not clear that 'personally identifiable information' always has 'identif[y] a person as having requested or obtained specific video materials or services." 133 F.4th at 652.

Thus, while it must again be stressed that the merits of this case are not before this Court and that WarnerMedia's citation to this authority is meaningless and irrelevant, WarnerMedia is also substantively wrong.

/s/ Dargan M. Ware
Attorney for Plaintiff Jonathan Lalewicz

[3] The Sixth Circuit's decisions, of course, are also not binding on a Tennessee state court, but since the circuit includes Tennessee geographically, when Tennessee state courts look to federal decisions as persuasive authority, they most commonly use Sixth Circuit decisions.